IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES P. ROWAN**<br>7100 Johnson Farm Lane #18<br>Chadds Ford, PA 19137<br><br>*Plaintiff,*<br><br>vs.<br><br>**NATIONAL RAILROAD**<br>**PASSENGER CORPORATION t/d/b/a**<br>**AMTRAK**<br>15 South Poplar Lane<br>Wilmington, DE 19801<br><br>*Defendant.* | CIVIL ACTION<br><br>NO. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, by and through his undersigned counsel, hereby files the following Complaint against Defendant:

## INTRODUCTION

1.      Plaintiff initiates this action to seek redress against Defendant for unlawful discrimination and retaliation pursuant to the Americans with Disabilities Act ("ADA"), the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq.*, and other applicable federal and state law.

## PARTIES

2.      Plaintiff is James Rowan, an adult individual currently residing at the above address.

3.    Defendant, National Railroad Passenger Corporation t/d/b/a Amtrak, is a for profit corporation that conducts business in the Eastern District of Pennsylvania.

4.    At all times relevant hereto, Defendant acted by and through its agents, servants, and employees, each of whom, at all times relevant, acted within the scope of his or his job duties.

5.    Defendant is an "employer" within the meaning of the ADA because it is engaged in an industry affecting interstate commerce and because they maintained or maintains fifteen ("15") or more employees for each working day in each of twenty ("20") or more weeks in the current or preceding calendar year.

6.    Defendant also maintains a sufficient number of employees to satisfy the jurisdictional prerequisites of the Pennsylvania Human Relations Act (requiring four or more employees).

## JURISDICTION and VENUE

7.    All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

8.    The Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the Supreme Court of the United States in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

9.     The United States District Court for the Eastern District of Pennsylvania may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of civil rights.

10.    The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction in that they form part of the same case or controversy.

11.    Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Defendant is located in and conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PROCEDURAL and ADMINISTRATIVE REMEDIES

12.    All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

13.    Plaintiff has satisfied the procedural and administrative requirements for proceeding with an action under the ADA.

14.    Plaintiff filed timely written charges of discrimination with the Philadelphia office of the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission alleging discrimination on or around April 30, 2010 (No. 530-2010-02622).

15.     The instant action is timely because it is initiated at least ninety ("90") days after the issuance of a Right to Sue Letters by the EEOC as required by the ADA.

16.     Plaintiff has exhausted his federal and state administrative remedies as to the allegations of the instant Complaint.

## FACTUAL BACKGROUND

17.     All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

18.     Plaintiff was employed by Defendant as part of Crew Management beginning in or around September 2008.

19.     In August 2009, Plaintiff's doctor released him to return to work but, because of a significant kidney problem, Plaintiff was required to undergo dialysis pursuant to a dialysis schedule.

20.     Defendant refused at that time to accommodate Plaintiff's dialysis schedule indicating that by virtue of the four hours it would take for his dialysis, he could not do the essential parts of his job.

21.     From about October to November 2009, Plaintiff began at home dialysis training so that he could go back to work and dialyze on his own time.

22.     In or around January 2010, Plaintiff completed his home dialysis training and once again requested, through his physician, to return to work indicating that

there would be no constraint with respect to his ability to work for Defendant, pursuant to the hours they gave him.

23.     Defendant refused to allow Plaintiff to return to work unless he had a physical and urine drug test.

24.     This requirement was gratuitous and retaliatory in and of itself.

25.     Plaintiff went for this test but by virtue of his condition, he was unable to urinate.

26.     Plaintiff's doctor sent a letter to the Defendant, in this regard and several weeks later Plaintiff was called by Defendant and told to return to the clinic for another drug test.

27.     Plaintiff assumed, and Defendant implied, that this test would be a blood test and, as such, there would be no problem with Plaintiff taking the drug test.

28.     When Plaintiff arrived at the clinic, he was forced to wait three hours for a urine drug test and Plaintiff informed the clinic, yet again, that by virtue of his medical condition he could not perform a urine drug test.

29.     Plaintiff was also told that if he left before the three hours he would be terminated from Defendant immediately.

30.     The way in which Plaintiff was treated by Defendant was retaliation by virtue of Plaintiff's disability.

31.     In late April 2010, Defendant sent Plaintiff a letter which was not received by Plaintiff until May 17, 2010.

32. In that letter, the Defendant indicated that it was going "fill" Plaintiff's position since he was unable to return to work.

33. Once again, this was pure retaliation on the part of Defendant by virtue of Plaintiff's disability.

## COUNT I
### Violations of the Americans with Disabilities Act
*Disability Discrimination and Retaliation*

34. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

35. Plaintiff is a "qualified individual with a disability" as that term is defined in the ADA because he has, or had at all times relevant hereto, a disability that substantially limited/limits one or more major life activities, or because he had a record of such impairment.

36. Plaintiff also is a "qualified individual with a disability" as that term is defined in the ADA because he was regarded as and/or perceived by Defendant and its agents as having a physical impairment that substantially limited/limits one or more major life activities.

37. The foregoing conduct by Defendant constitutes unlawful discrimination against Plaintiff on the basis of his disability or perceived disability.

38. The foregoing conduct by Defendant constitutes unlawful retaliation against Plaintiff as a result of his engagement in a protected activity.

39.    As a result of Defendant's unlawful discrimination, Plaintiff has suffered damages as set forth herein.

## COUNT II
### Pennsylvania Human Relations Act
*Disability Discrimination and Retaliation*

40.    All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

41.    The foregoing disability discrimination and retaliation by Defendant also violates the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq.*

42.    As a result of Defendant's violations of the Pennsylvania Human Relations Act, Plaintiff has suffered damages, as set forth herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter judgment in his favor and against Defendant and that it enter an Order as follows:

a. Defendant is to be permanently enjoined from discriminating or retaliating against Plaintiff on any basis prohibited under applicable federal and state law;

b. Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or custom of discriminating or retaliating against employees based on any basis prohibited under applicable federal and

state law and be ordered to promulgate an effective policy against such discrimination and to adhere thereto;

c.  Defendant is to compensate Plaintiff, reimburse Plaintiff, and to make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority.  Plaintiff should be accorded those benefits illegally withheld from the date he first suffered discrimination at the hands of Defendant until the date of verdict;

d.  Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused to his by Defendant's actions as permitted by applicable law;

e.  Plaintiff is to be awarded punitive damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious, and outrageous conduct, and to deter Defendant or any other employees from engaging in such misconduct in the future;

f.  Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate including but not limited to reinstatement;

8

g. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

h. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law;

i. Plaintiff is to be granted such additional injunctive or other relief as he may request during the pendency of this action in an effort to ensure Defendant does not engage – or ceases engaging - in illegal retaliation against Plaintiff or other witnesses to this action;

j. The Court is to maintain jurisdiction of this action after verdict to ensure compliance with its Orders therein.

k. Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of the Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KOLMAN ELY, P.C.**

_____

Timothy M. Kolman, Esquire
Wayne A. Ely, Esquire
W. Charles Sipio, Esquire
414 Hulmeville Avenue
Penndel, PA 19047
(T) 215-750-3134 / (F) 215-750-3138
tkolman@kolmanlaw.net
wely@kolmanlaw.net
wcsipio@kolmanlaw.net

*Attorneys for Plaintiff*

Dated: April 21, 2014